**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURVINDER SINGH, | No. 07-74518 |
| Petitioner, | Agency No. A098-512-011 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Gurvinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Kaiser v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Ashcroft*, 390 F.3d 653, 657 (9th Cir. 2004), and we grant the petition for review and remand.

The record does not compel reversal of the BIA's determination that Singh failed to establish past persecution. *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995) (detention, interrogation, and beating did not compel finding of past persecution). However, because Singh claims he fears persecution at the hands of the Indian police, he is entitled to the presumption that the threat of persecution exists nationwide and that relocation is therefore unreasonable. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003). Because the agency erred by failing to apply the presumption that relocation would not be reasonable, we remand for the BIA to consider in the first instance whether the government rebutted the presumption by a preponderance of the evidence. *See Fakhry v. Mukasey*, 524 F.3d 1057, 1065 (9th Cir. 2008).

**PETITION FOR REVIEW GRANTED; REMANDED.**

07-74518